UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
UNITED STATES OF AMERICA,    :    Case No. 1:17-cr-455
:
       Plaintiff,    :
:
vs.    :    OPINION & ORDER
:    [Resolving Doc. 21]
ANTHONY GORE,    :
:
       Defendant.    :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Anthony Gore was indicted on one count of receiving child pornography and two counts of persuading, inducing, enticing, or coercing a minor to engage in sexually explicit conduct.[1] His conduct involved two minor victims: Minor Victim #1 and Minor Victim #2.[2] Gore moves to dismiss the receiving pornography charge with respect to Minor Victim #1, arguing that prosecuting him for receiving the images at issue in this case violates the Fifth and Tenth Amendments.[3] The Court disagrees and **DENIES** the motion.

In November 2016, an Ohio State court sentenced Gore to one year in prison.[4] At the time, he was in a consensual sexual relationship with Minor Victim #1.[5] Gore was twenty-three years old and Minor Victim #1 was sixteen years old.[6] Because the age of consent in Ohio is sixteen,[7] the sexual relationship between Gore and Minor Victim #1 is not, in-and-of-itself, illegal. While

---

[1] *See* Doc. 24.
[2] *Id.*
[3] Doc. 21. The government opposes. Doc. 30.
[4] Doc. 21 at 2; Doc. 30 at 2.
[5] Doc. 21 at 2. The government suggests that Gore's relationship with Minor Victim #1 was not as innocent as the defense would have the Court believe; however, because the Court concludes that Gore's constitutional rights were not violated even if this were a "Romeo and Juliet love affair," the Court need not resolve this dispute. Doc. 30 at 3.
[6] Doc. 21 at 2.
[7] O.R.C. § 2907.04(A).

Case No. 1:17-cr-455
Gwin, J.

in state prison, Gore arguably received sexually explicit images from Minor Victim #1 and was charged with receiving child pornography.

The core of Gore's argument is that, since it is legal in Ohio for him to have sex with Minor Victim #1, it should be legal for him to receive sexually explicit photos of her in Ohio. Of course, federal law says otherwise.[8] Receiving sexually explicit images of any person under the age of eighteen is prohibited.[9] Stymied by the text of the relevant federal statues, Gore argues that those statutes are unconstitutional as applied to him.

Gore first contends that applying the child pornography statute to him violates his substantive due process rights.[10] The Supreme Court *has* recognized that adults have a constitutional to engage in private, consensual sexual behavior.[11] But Gore isn't being prosecuted for having sex with Minor Victim #1, he is being prosecuted for receiving sexually explicit images of her. And that is altogether different.[12]

Even if the state of Ohio believes some minors—i.e. those over the age of sixteen—are capable of consenting to sexual conduct, the federal government is not required to permit Gore to receive sexually explicit images of those minors.[13] We are a federal republic. Neither Ohio nor the United States must follow the other's criminal law. The federal government, after all, has a compelling interest in protecting minors from sexual exploitation.[14] And it is perfectly free both to define minors as those under the age of majority and to determine that, notwithstanding their

---

[8] 18 U.S.C. §§ 2252(a)(2), 2256(1).
[9] *Id.*
[10] Doc. 21 at 3–10.
[11] *See Lawrence v. Texas*, 539 U.S. 558 (2003).
[12] *See id.* at 578 ("The present case does not involve minors.").
[13] *United States v. Bach*, 400 F.3d 622, 628–29 (8th Cir. 2005).
[14] *New York v. Ferber*, 458 U.S. 747, 757 (1982). The Court also rejects Gore's contention that the child pornography statute is overbroad. Child pornography is simply not protected speech under the First Amendment. *Id.* at 764. As such Gore's overbreadth challenge fails. *See United States v. Laursen*, 847 F.3d 1026, 1034 (9th Cir. 2017).

Gore's reliance on *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002), to argue to the contrary is misplaced, because that case involved virtual child pornography rather than pornography that depicted actual children.

Case No. 1:17-cr-455
Gwin, J.

ability to consent to sexual conduct, minors over the age of sixteen should not be permitted to be the subject of pornography.[15] The harms that may result from appearing in child pornography are, at least to some extent, distinct from the harms that may stem from sexual conduct. For example, child pornography can survive indefinitely on the internet.

Gore next contends that the prohibition on receiving child pornography is unconstitutionally vague.[16] But the statute couldn't be clearer. It prohibits any person from "knowingly receiv[ing] . . . using any means or facility of interstate or foreign commerce . . . visual depiction[s] involving . . . a minor engaging in sexually explicit conduct."[17] And it defines a minor as anyone under eighteen years of age.[18] That hardly leaves anyone guessing as to what is prohibited.[19]

Ohio's age of consent law does not create any confusion. It establishes the age at which a person can consent to sexual intercourse.[20] It says nothing about when a person can legally appear in pornography.

Nor is the Court persuaded that the statute creates a risk of arbitrary enforcement merely because the Department of Justice has not pursued every teenager who has taken, transmitted, or received a sexually explicit photo.

Finally, Gore argues that the federal child pornography statute runs afoul of the Tenth Amendment by infringing on Ohio's authority to establish the age of consent.[21] But Ohio's age of consent is unaffected by the federal prohibition on child pornography. Gore can still engage in

---

[15] *Bach*, 400 F.3d at 628–29.
[16] Doc. 21 at 11–13.
[17] 18 U.S.C. § 2252(a)(2).
[18] *Id.* § 2256(1).
[19] *United States v. Williams*, 553 U.S. 285, 304 (2008) ("A conviction fails to comport with due process if the statute under which it is obtained fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement.").
[20] O.R.C. § 2907.04(A).
[21] Doc. 21 at 13–19.

-3-

Case No. 1:17-cr-455
Gwin, J.

sexual conduct with minors over the age of sixteen in Ohio.[22] He cannot, however, receive sexually explicit pictures of minors that have been transmitted via a facility of interstate commerce.

Moreover, as the Ninth Circuit has recognized, "the Supreme Court has accepted the federalization of child pornography crimes by upholding convictions brought under" the child pornography statutes.[23] And, unlike the statute in *Bond v. United States*,[24] the child pornography statute at issue here requires a connection to interstate commerce.[25] That brings it squarely within federal jurisdiction.[26]

For all of those reasons, the Court **DENIES** Gore's motion to dismiss.

IT IS SO ORDERED.

Dated: January 17, 2018          *s/         James S. Gwin*
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE

---

[22] It is true that, as Gore points out, certain *types* of sexual conduct might be prohibited under federal law that Ohio's age of consent law might otherwise permit (i.e. recording sexual contact with someone between the ages of sixteen and eighteen). But that is not the same as nullifying Ohio's age of consent law.
[23] *Laursen*, 847 F.3d at 1035.
[24] 134 S. Ct. 2077 (2014).
[25] 18 U.S.C. § 2252(a)(2); *see also Laursen*, 847 F.3d at 1035.
[26] *Cf. United States v. Turner*, 77 F.3d 887, 888–89 (6th Cir. 1996); *United States v. Mullett*, 868 F. Supp. 2d 618, 622–23 (N.D. Ohio 2012).