UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                           :
UNITED STATES OF AMERICA,        :           Case No. 1:17-cr-455
                                           :
                     Plaintiff,            :
                                           :
vs.                                        :           OPINION & ORDER
                                           :           [Resolving Doc. 26]
ANTHONY GORE,                    :
                                           :
                     Defendant.            :
                                           :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      Defendant Anthony Gore is accused, among other things, of receiving pornographic images of minors while in prison.[1]  Prisoners in the state correctional facility housing Gore use a privately-operated computer system called JPay.[2]  Gore allegedly received images of nude minors through the system.  Gore contends that he never received any of the pornographic images at issue in this case because they were screened out either by the JPay system or some other prison screening process.[3]

      Gore now asks the Court to compel the government to provide two types of discovery: (1) expert witness materials as to any person who will testify about how the JPay system works, and (2) the names of any prison officials responsible for screening emails to prisoners.  For the reasons that follow, the Court **DENIES** both requests.

      Gore first asks the Court to compel the government to produce the names of any witnesses who will testify as to how the JPay system works as well as any reports those witnesses have prepared.[4]  He contends those witnesses are experts under Rule 702 of the Federal Rules of

---

[1] Doc. 24.
[2] Doc. 26 at 2.
[3] *Id.* at 3.
[4] *Id.* at 2–4.

Evidence and thus subject to the disclosure requirements of Rule 16(a)(1)(E) and (G) of the Federal Rules of Criminal Procedure.[5]

The government protests that its witnesses on this subject are not experts, because they will discuss only: "(1) the basic services JPay offers, (2) the process of creating accounts with JPay, (3) the fact that users may send emails and images through JPay, and (4) JPay's screening safeguards."[6]

The Court agrees with the government, but only to the extent that its witnesses provide no testimony on the technical aspects of the JPay email program or its screening system.

"[T]he fact that the witness, by virtue of his or her experience in a business, has knowledge not possessed by the average person does not render the witness's opinion an expert opinion. Instead, one who works in a business may base lay opinion testimony upon his or her 'particularized knowledge that the witness has by virtue of his or her position in the business.'"[7] But a lay witness's testimony must be based on his or her own personal knowledge, not simply specialized knowledge obtained through extensive knowledge, education, or experience.[8]

It seems to the Court that a non-expert JPay employee could provide the information that the government presently says it plans to admit through its witnesses. It doesn't take specialized knowledge to explain what JPay is; how an account is created; and a basic, layman's understanding of what the program screens out.

But the Court notes that expert testimony would likely be required if the government believes that it will be necessary to explain to the jury how JPay's screening process works in any

---

[5] *Id.* at 3.
[6] Doc. 35 at 3.
[7] *United States v. Whaley*, 860 F. Supp. 2d 584, 594–95 (E.D. Tenn. 2012) (*quoting* Fed. R. Evid. 701 advisory committee's note).
[8] *Bank of China v. NBM LLC*, 359 F.3d 171, 181–82 (6th Cir. 2004); *see also United States v. Rigas*, 490 F.3d 208, 224 (6th Cir. 2007).

detail. For instance, the Court doubts that any explanation of how the software decides what should or should not be screened out could be conveyed through lay testimony alone.

Gore also asks the Court to compel the government to provide the names of those individuals in the state prison system responsible for screening emails coming into the system.[9] To the extent those individuals will be called as government witnesses, the Court has already ordered the parties to exchange witness lists one week prior to trial.[10] Gore has not explained why that disclosure is not sufficient.

To the extent that Gore seeks the names of state prison employees he might wish to call as witnesses, he should seek to compel the state prison to produce the names of those individuals. It is not generally the federal government's job to identify and produce the names of potential defense witnesses that are not its employees. That said, if the government is aware of the names of employees involved in the screening process who possess exculpatory information, it would likely have a constitutional obligation to turn over that information.[11] Based on the information currently before the Court, however, there is no indication that the government possesses such information.

For all of those reasons, the Court **DENIES** Gore's motion to compel at this time. Should further information come to light that bears on the Court's rulings in this order, the Court reserves the right to revisit them and take appropriate remedial measures at that time.

IT IS SO ORDERED.

Dated: January 25, 2018                    s/          James S. Gwin
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE

---

[9] Doc. 26 at 4.
[10] Doc. 12 at 2.
[11] See *Brady v. Maryland*, 373 U.S. 83 (1963).